Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

_____ Division

Shane Feix, Anthony Mosley

*Plaintiff(s)*

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Patricia Coyne Fague, v. Lyna Cores
Rachel Bray, Walter Duffy
LT. Oden, S.S. Bailey
LT. Darcy

*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case No. **CA 20 - 455** JJM

*(to be filled in by the Clerk's Office)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**I.      The Parties to This Complaint**

  **A.      The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                                    Shane Feix(Felix) (A.J.)Anthony Mosley
All other names by which
you have been known:
ID Number                               134773
Current Institution                     Adult Correctional Institute  Maximum Security
Address                                 PO Box 8273
                                        Cranston          RI        02920
                                           City           State      Zip Code

  **B.      The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1
     Name                               Patricia Coyne Fague, Lynn Corey
     Job or Title *(if known)*          Director of A.C.I    , Warden, MAX, Sec.
     Shield Number
     Employer                           State of Rhode Island
     Address                            40 Howard Ave
                                        Cranston          RI        02920
                                           City           State      Zip Code
                                        ☐ Individual capacity   ☒ Official capacity

Defendant No. 2
     Name                               Rachel Bray , Capt.Walter Duffy
     Job or Title *(if known)*          Deputy Warden,  Captain, Maximum Security
     Shield Number
     Employer                           State of Rhode Island
     Address                            40 Howard Ave
                                        Cranston          RI        02920
                                           City           State      Zip Code
                                        ☐ Individual capacity   ☒ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name
    Job or Title *(if known)*
    Shield Number
    Employer
    Address

LT. Oden
Lieutenant Maximum Security

State of Rhode Island
40 Howard ave
Cranston                RI            02920
    *City*        *State*       *Zip Code*

[ ] Individual capacity  [X] Official capacity

Defendant No. 4
    Name
    Job or Title *(if known)*
    Shield Number
    Employer
    Address

LT. Darcy
Lieutenant Maximum Security

State of Rhode Island
40 Howard Ave
Cranston                RI            02920
    *City*        *State*       *Zip Code*

[ ] Individual capacity  [X] Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    [ ] Federal officials (a *Bivens* claim)

    [X] State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

8th Amendment  14th Amendment

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Attachment A~1

On 9/14/20 I was wiping doorhandles when inmate Feix asked me to pass a scoop of coffee to his freind Joshua Bickel Downstairs. Shane Feix lives in Cell 13 on the third teir and inmate Joshua Bickel lives on the bottem teir in cell 81.

It's just a scoop of Coffee? I asked Inmate Feix before he handed it to me. Yeah he told me. So I looked down as he handed it to me and I Saw some grains of coffee so I kept doing my job.

I wiped 68 doorhandles after leaving cell 13 and proceeding to drop the Coffee off to inmate Bickel.

If S.S. Bailey watched me on the Camera he Should have had me Stopped. Because if it was pills it's deriliction of duty on his part. at the least because what if inmate Biekle had Overdosed What if it was Phentanahl. I should have been stopped and Searched and they would have found Coffee.

I was brought to Seg the following day 9/15/20 because they found pills in inmate Bickels cell 5 hours after I dropped off the coffee. At 5:P.M. on 9/15/20 the Lt. Darcy came to read me a booking for possession and hoarding medication. I requested that the CCTV footage be presented at the board along with any other evidence.

On 9/18/20 at 9:44 I go to the hearing in front of LT. ODEN and get found guilty of Substance possession and given 25 days in Seg and 90 days A.R.S.(Additional, Restrictive, Status) yet by DoC policy ARS is only supposed to be use to let someone out of Segregation early. Not as an additional punitment. The booking report Says Sanctions: Disciplinary Confinement 25 days Loss

Of Good time 25 days. But in officers statements it says recomend ARS. I was not shown any evidence At the disciplinary board. That is a violation of my 14th amendment and due process.

I placed an appeal in to Deputy Warden Rachel Bray and she changed My booking from Substance possession to Passing Category 1 contraband, and lowered my seg time to 20 days, and 90 days A.R.S. Still being a violation of doc policy.

Anthony Mosley

X _A. M_

Attachment B.

9/29/20

On 9/14/2020 at around 9:30 am a friend of mine yelled up to me while I was sitting in my cell and asked me to send him down a scoop of coffee, I was in cell 13 in Prudence 1 in Maximum Security my friend was in cell 81 on the bottom tier, While my cell, Cell 13 was on the 3rd tier.

At 9:34 I passed the coffee that I had packaged inside toilet paper and a sandwich bag, to a porter that was wiping down the door handles. The Porters name was Anthony Mosley.

Inmate Mosley started wiping doorhandles at cell one, So from my cell to inmate Joshua Bickel's cell inmate Mosley had to wipe 68 doorhandles before getting to inmate Bickels cell.

The Security Specialist Bailey states in the discipline report that he witnessed me pass inmate Mosley a small white package, Then watched inmate Mosley complete his job using the CCTV footage, and proceed to drop the coffee off at inmate Bickels cell.

Why didn't the security specialist call the housing unit and notify the Correctional Officers on duty at the time that a transaction was made that looked shady and have them Search inmate Mosley like they've done Numerous times before.

A "Subsequent" Cell Search was conducted 4 1/2 to 5 hours later on inmate Bickel's cell and pills were found. During that time said inmate went to lunch and passed an empty cup back and forth between the cells. Whose to say he didn't already have that in his cell to begin with?

The following day around 11:30 AM I was placed in handcuffs in the hallway outside of the dining hall. At 3:25 PM

LT. Darcy came and read me my booking. While reading my booking he told me that the booking was filed the day before when the pills were found in inmate Bickels cell. At that point I challenged the fact that DOC Policy States that when a discipline Is filed in infacts it must be read to the charged inmate within 24 hours. He tried to lie and tell me I was wrong and that I Should go read it again. I told him I have the policy and that when I get my property I could Show it to him. I then told him I was innocent and that I wanted the CCTV footage and any other evidence presented at the board.

On 9/18/2020 at 9:44 am I went to the discipline board that Consists of Lt. Oden. I brought a sample of the bag that I put the coffee into, to the discipline board with me but there was only toilet paper in it. I showed it to the LT. and was still found guilty. Upon leaving the board Security Specialist Bailey called the D.C.U and told them that I had a bag full of pills. Captain. Walter Duffy came running into the D.C.U moments later. The C.O's that day were Palma, Buttaro, and Montecalvo.

I am charged with hoarding/possession yet accused of passing medication. The infraction catagory is "substance possession" but... it was found in another inmates cell. So I'm charged with possessing Something found on another inmate?

I would also like to point out another instance of pure speculation on 9-24-2019 I was Guilty of receiving 100$ to my account from my friends moms for drawings. It was assumed that it was for medication because of the medication I take. And I never signed a whaiver to let them know what medication I take until 9/22/20 So how is it on 9-24-19 am I being accused of recieving a money order for that medication that was found

I would like to go on to point out that quite recently I filed a complaint with Internal Affairs about Captain Walter Duffy targeting myself and Christopher Banks over our religous beliefs. I stated in that complaint that he would find a way to set me up. That complaint made its way to Robert Catlow who is now the head of Internal Affairs, but was formerly the head of the Special. Investigation. Unit, and a former Correctional officer. From Robert Catlow my complaint went back to the building I'm in to the warden Lynn Corey and 2-4 weeks later this incident occured.

I placed an appeal to Rachel Bray the Deputy Warden about my discipline and violation of due process and lack of evidence presented. It was denied and I was given 30 days in D.C.U Disciplinary Confinement Unit. And 90 days A.R.S which is not a part of the discipline process. Administrative. Restrictive. Status is in the policy to be used to let people out of disciplinary confinement early, but it's being used as a punishment now.

Sincerly
Shane Foix
MQ 134773

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

---

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

---

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

## IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

---

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose.

See attached statements,

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.   What date and approximate time did the events giving rise to your claim(s) occur?

9-24-19
9-14-20 9:34 AM
9-15-20 11:30 AM
9-14 Aug-18-20 [illegible]
9-15-20 ~ 10-15-20 ~ 1-15-20

D.   What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*
We were Illegally Confined to segregation, We were not given a fair trail. We were not given our right to Due Process. We were Confined based On assumptions and not evidence. Mr. Feix spent 30 days in segregation, his laundry disappeared so he had to wear the same underwear for a week before the C.I.O's got him some clean ones. Then 90 days ARS which isn't in departmant policy. He's been targeted because of the medication he takes. He's charged with Possession but accused of Passing. He had to push Parole back 6 months, they have assumed that there was contraband and ruined his parole, 20 days in seg. 90 ARS. But there's No Mr. Mosley was charged with possesion but they switched it to passing category one contraband, they have ARS in the Department Policy as a Punishment only a reward to get out of seg early. yes they used it on Mosley and Feix as a Punishment. This was done by Patricia Coyne Fague, Lynn Cory, Rachel Bray, Walter Duffy, LT. ODEN, LT. Darcy, S.S. Deiley, S.W. Forge.

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

antisocial,
extreme paranoia, emotional discomfort, pain and suffering, depression, suicidal ideations.

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

We would like to ask the court to intervene at the A.C.I in regards to the disciplinary process. There's one person on a discipline board and it's a LT. That was a C.O. I would like to ask that Civilians be put in charge of disciplines, so we're not always automatically guilty. $20,000 each, We both lost chances at Parole, had to be locked in a cell for longer than usual. for excessive amounts of time.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII.   Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

A.C.I Cranston Rhode Island Maximum Security

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

all

Page 6 of  11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose
       concerning the facts relating to this complaint?

       ☒ Yes

       ☐ No

       If no, did you file a grievance about the events described in this complaint at any other jail, prison, or
       other correctional facility?

       ☐ Yes

       ☐ No

E.     If you did file a grievance:

       1.   Where did you file the grievance?

       Segregation

       2.   What did you claim in your grievance?

       Illegal disciplinary board
       Violation of due process, booked based on assumptions, targeted.

       3.   What was the result, if any?

       denied

       4.   What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If
            not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

       no appeal after deputy warden on appeal of discipline

F.    If you did not file a grievance:

    1.   If there are any reasons why you did not file a grievance, state them here:

    2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this
      action?

      ☐  Yes

      ☒  No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is
      more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

      1.   Parties to the previous lawsuit
           Plaintiff(s)     _____
           Defendant(s)     _____

      2.   Court *(if federal court, name the district; if state court, name the county and State)*

           _____

      3.   Docket or index number

           _____

      4.   Name of Judge assigned to your case

           _____

      5.   Approximate date of filing lawsuit

           _____

      6.   Is the case still pending?

           ☐  Yes

           ☐  No

           If no, give the approximate date of disposition.  _____

      7.   What was the result of the case?  *(For example:  Was the case dismissed?  Was judgment entered
           in your favor?  Was the case appealed?)*

           _____

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your
      imprisonment?

☐ Yes

☐ No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
    Plaintiff(s) _____
    Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    _____

3.  Docket or index number

    _____

4.  Name of Judge assigned to your case

    _____

5.  Approximate date of filing lawsuit

    _____

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition _____

7.  What was the result of the case? *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

    _____

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

| | | |
|---|---|---|
| Signature of Plaintiff | _Shane M.___ | _A. M.___ |
| Printed Name of Plaintiff | Shane M Feix | Anthony Mosley |
| Prison Identification # | 134773 | 562645 |
| Prison Address | Po Box 8273 | |
| | Cranston                RI         02920 |
| | City            State        Zip Code |

### B.    For Attorneys

Date of signing: _____

| | |
|---|---|
| Signature of Attorney | _____ |
| Printed Name of Attorney | _____ |
| Bar Number | _____ |
| Name of Law Firm | _____ |
| Address | _____ |
| | City       State       Zip Code |
| Telephone Number | _____ |
| E-mail Address | _____ |